UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARRIE MCGRANE,

        Plaintiff,

vs.                               Case No.  3:06-cv-1136-J-25MCR

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

        Defendant.

_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative

decision denying her application for Social Security benefits.  The Court has reviewed

the record, the briefs, and the applicable law.  For the reasons set forth herein, the

Commissioner's decision is **REVERSED** and the case is **REMANDED** for further

proceedings.

## I.   PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability and disability insurance

benefits ("DIB") on April 25, 2003 alleging an inability to work since December 1, 2001.

(Tr. 61-64).  The Social Security Administration ("SSA") denied this application initially

and on reconsideration.  (Tr. 38-39).  Plaintiff then requested and received a hearing

before an Administrative Law Judge ("ALJ"), which was held on November 9, 2005.  (Tr.

578-617).  The ALJ issued a decision on December 12, 2005 finding Plaintiff not

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate
Judge.  (Doc. 8).

disabled.  (Tr. 19-29).  On February 1, 2006, Plaintiff filed a Request for Review by the Appeals Council.  (Tr. 14-15).  The Appeals Council denied Plaintiff's request for review, thus making the ALJ's December 12, 2005 decision the final decision of the Commissioner.  (Tr. 5-7).  Plaintiff timely filed her Complaint in the U.S. District Court for review of the Commissioner's decision.

## II.    NATURE OF DISABILITY CLAIM

### A.    Basis of Claimed Disability

Plaintiff claims to be disabled since December 1, 2001, due to degenerative disc disease. (Tr. 16).

### B.    Summary of Evidence Before the ALJ

Plaintiff was 28 years of age at the time her disability insurance status expired on December 31, 2002.  (Tr. 61).  Plaintiff was 32 years of age at the time the ALJ conducted the administrative hearing.  (Tr. 20).  Plaintiff possesses a high school education.  (Tr. 85).  Her past work includes employment as a temporary office clerk, inventory manager, retail manager, and cashier.  (Tr. 85).  Plaintiff asserts that she became disabled on December 1, 2001 due to degenerative disc disease.  (Tr. 61). Plaintiff's medical history is discussed at length in the ALJ's decision and will be summarized herein.

On November 30, 2001, Plaintiff presented to Aaron Piemann, M.D., reporting low back pain radiating down her leg.  At that time, Plaintiff's weight was 170 pounds. (Tr. 131).  A December 6, 2001 MRI revealed a left herniated nucleus pulposus at L5-S1, and a large central herniated nucleus pulposus at L4-L5.  (Tr. 130).  On December

13, 2001, Plaintiff underwent an L4-L5 and L5-S1 hemilaminectomy and diskectomy on the left. (Tr. 151). On January 25, 2002, Dr. Piemann reported Plaintiff's back pain had been resolved with surgery. (Tr. 118-19).

On July 22, 2003, Plaintiff presented to J. Alexander Marchosky, M.D., who reported Plaintiff had a good range of motion in both upper and lower extremities with no evidence of atrophy, weakness, or loss of sensation. (Tr. 166-69). On July 16, 2003, an MRI of the lumbar spine was positive for post-operative changes at L4-5 and L5-S1 with moderate residual disk annulus bulging asymmetric to the left at both levels, and a small posterior central disk protrusion at L3-4. (Tr. 177). On April 16, 2004, an x-ray revealed degenerative disc disease. (Tr. 283). Then, on November 29, 2004, Jacob Green, M.D. diagnosed recurrent herniated lumbar disc, and possible cervical myelopathy. (Tr. 235).

On May 31, 2005, Plaintiff's treating physician, Timothy Sternberg, M.D., examined her for complaints of ongoing lower back pain with radiation to the left leg. Plaintiff was diagnosed with post-laminectomy syndrome with left lower extremity radiculopathy-type symptoms with epidural scarring at L4-5 and L5-S1, and myofascial pain of the spinalis cervicus muscles. (Tr. 278-79). On November 8, 2005, Dr. Sternberg reported that he had seen Plaintiff five times from December 21, 2004 to September 22, 2005 and he concluded, since 2001, Plaintiff was able to: lift/carry 20 pounds occasionally and less than 10 frequently; stand/walk less than 2 hours in an 8 hour day with a need to walk 6 minutes every 45 minutes; sit about 4 hours in an 8 hour day; and bend and twist at the waist as little as possible. (Tr. 325-29).

On September 6, 2005, George Maida, Ph.D. consultatively evaluated Plaintiff

and diagnosed her with: chronic depressive disorder, chronic anxiety disorder, and personality disorder.  (Tr. 324).

### C.   Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months.  42 U.S.C. §§ 416(i)(g), 423(d)(1)(A); 20 C.F.R. § 404.1505.  The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not disabled.  29 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f).  Claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

In the instant case, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 1, 2001, the alleged onset date.  (Tr. 28).  At

4

step two, the ALJ found Plaintiff suffered from the following severe impairments:

disorders of the spine, sleep disturbance, headaches, affective disorder, and personality

disorder.  (Tr. 22-23).  At step three, the ALJ found Plaintiff did not have an impairment,

or combination of impairments, that met or equaled any listed in 20 C.F.R. Part 404,

Subpart P, Appendix 1.  (Tr. 23).

The ALJ further determined Plaintiff, on or prior to her date last insured and

through the date of its decision, had the residual functional capacity ("RFC")[2] to perform

light or sedentary work.  (Tr. 28).  Specifically, the ALJ found Plaintiff was able to:

> [S]it/stand in 30 minute cycles; lift up to 10 pounds with a
> need to avoid ladders or unprotected heights; and
> occasionally bend, crouch, stoop, kneel, squat and crawl.
>
> (Tr. 25).

In reaching this conclusion, the ALJ rejected Plaintiff's allegation that she was

incapable of any work due to her impairments because Plaintiff was "not fully credible."

(Tr. 22).  The ALJ decided that Plaintiff's allegations of pain and symptomatology were

disproportionate to the objective medical findings.  (Tr. 24).  In support of his conclusion,

the ALJ cited testimony that Plaintiff continued to perform activities that are consistent

with light or sedentary work, such as computer work, cross-stitching, and home

schooling of her three children.  (Tr. 24).

At the hearing, the ALJ utilized the testimony of a vocational expert (VE).  The

ALJ asked the VE to review Plaintiff's past relevant work.  (Tr. 24).  The VE testified that

---

[2] The term "residual functional capacity," as defined in 20 CFR § 404.1545 and Social Security Rulings 96-8p, means the most an individual can still do after considering the effects of physical and/or mental limitations which may affect their ability to perform work-related tasks.

Plaintiff's past work: as a general clerk was light, skilled work; as a shipping and receiving supervisor was light, skilled work; as a waitress was light, semi-skilled work; as an administrative assistant was sedentary, skilled work; and as a sales clerk was light, semi-skilled work.  (Tr. 26).  Based on Plaintiff's RFC, the ALJ determined that she cannot perform any past relevant work either as it was performed, or is performed in the national economy.  (Tr. 26).

Once the Plaintiff has established that she has no past relevant work or cannot perform her past relevant work because of her impairments, the burden shifts to the Social Security Administration to show that there are other jobs existing in the national economy that the Plaintiff can perform, consistent with her RFC, age, education, and work experience.  As defined in the regulation, the ALJ noted that Plaintiff was considered a "younger individual."  (Tr. 26); 20 C.F.R. § 404.1563.   Additionally, the ALJ noted that Plaintiff has a high school education and, in accordance with the testimony of the VE, no transferable skills from skilled work previously performed.  (Tr. 26).  He then opined that although Plaintiff's limitations do not allow her to perform a full range of sedentary or light work, using Medical-Vocational Rules 202.21 or 201.28 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform.  (Tr. 29).  Examples of such jobs include work as a Parking Lot Attendant, Ticket Seller, Telephone Answering Service Operator, and Telephone Solicitor.  Id.  Pursuant to this analysis, the ALJ determined that Plaintiff was not under a "disability," as defined in the Social Security Act, at any time through her date last insured or through the date of its decision.  Id.

**III.    ANALYSIS**

6

## A.    The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence.  Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  Foote, 67 F.3d at 1560; accord, Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## B.    Issues on Appeal

Plaintiff asserts the ALJ erred by: 1) failing to give proper weight to the opinion of

Plaintiff's treating physician, and 2) failing to follow Social Security Ruling ("SSR") 96-8p

by failing to adequately explain the RFC finding.  (Doc. 12, p. 1).  Plaintiff also asserts

that the ALJ's decision is not supported by substantial evidence as required by 42

U.S.C. § 405(g).  (Doc. 12, p. 1).

The Commissioner responds that the decision of the ALJ is indeed based on

substantial evidence as well as the product of proper consideration of the opinion of the

treating physician and compliance with Social Security Ruling 96-8p.  (Doc. 13).

**1.      Whether the ALJ properly considered the opinions of the Plaintiff's treating physician.**

It is clearly established that a treating physician's opinion will be granted

controlling weight if it is consistent with other medical evidence and is well-supported by

acceptable clinical and diagnostic techniques.  20 C.F.R. § 404.1527(d)(2).  Treating

physicians are granted such deference because they are most able to provide a

detailed, longitudinal picture of the patient's medical status.  Id.  However, where some

medical evidence is found to be inconsistent with the treating physician's opinion, the

ALJ should give that opinion "substantial or considerable" weight unless "good cause" is

shown to the contrary.  Lewis v. Callahan, 125 F.3d 1436, 1140 (11th Cir. 1997); accord

20 C.F.R. § 404.1527(d)(2).  The Eleventh Circuit has found "good cause" to exist

where: (1) the opinion was not bolstered by the evidence; (2) the evidence supported a

contrary finding; or (3) the opinion was conclusory or inconsistent with the doctor's own

medical records.  Wright v. Barnhart, 153 F. App'x 678, 684 (11th Cir. 2005).  Further, if

the ALJ decides to grant less than substantial or considerable weight to a treating

physician, she must clearly articulate the reasons for doing so.  MacGregor v. Bowen,

8

786 F.2d 1050, 1053 (11th Cir. 1986).

Plaintiff asserts the ALJ erred in finding Plaintiff had the RFC to perform light or sedentary work because it is inconsistent with Plaintiff's treating physician's opinion. (Doc. 12, p. 13).  Plaintiff points out that on November 8, 2005, Plaintiff's treating physician, Dr. Sternberg, indicated that Plaintiff was experiencing severe pain that constantly interfered with attention and concentration.  (Tr. 326).  Additionally, Dr. Sternberg opined that Plaintiff could only sit for about 4 hours total and could stand or walk less than 2 hours total in an 8 hour work day.  (Tr. 327).  Furthermore, he notes that these limitations existed since 2001.  (Tr. 329).

In response, Commissioner argues that Dr. Sternberg's treatment notes were inconsistent with his functional assessment and the ALJ had good reason for not adopting every functional limitation espoused by Dr. Sternberg.  (Doc. 13, p. 12).  The Commissioner notes, for example, Dr. Sternberg wrote that Plaintiff had decreased lumbar flexion in response to a question that asked him to identify the clinical findings and objective signs that supported his findings (Tr. 325); however, Dr. Sternberg's most recent treatment notes from May 2005 do not mention that Plaintiff had decreased lumbar flexion.  (Tr. 294).  Rather, his treatment notes state that Plaintiff's "lumbar flexion is essentially within normal limits."  (Tr. 294).  The Commissioner further alleges that the only treatment note indicating decreased lumbar flexion was from his first examination on December 21, 2004.  (Tr. 303, 294).  Finally, the Commissioner argues that Dr. Sternberg failed to provide medical evidence to support his opinion, therefore, the ALJ properly declined to adopt all of Dr. Sternberg's findings.  (Doc. 13, p. 12).

When electing to disregard the opinion of a treating physician, the ALJ must

9

clearly articulate its reasons.  Phillips v. Barnhart, 357 F. 3d 1232, 1240 (11th Cir. 2003).

Here, the ALJ did not cite any reason for not giving Dr. Sternberg's opinion controlling

weight.  He makes no effort to discredit Dr. Sternberg, cites no specific evidence which

runs contrary to Dr. Sternberg's opinion, and makes no attempt to show "good cause"

for rejecting his medical opinion.  To the contrary, the ALJ states he relied on Dr.

Sternberg's assessment in his findings.  However, as Plaintiff correctly points out, Dr.

Sternberg, indicated that Plaintiff was experiencing severe pain constantly interfering

with attention and concentration, as well as the ability to sit for only about 4 hours *total*

and stand or walk less than 2 hours *total* in an 8 hour work day.  (Tr. 326-27)(emphasis

added).

There is confusion in this Circuit as to whether an inability to engage in full time

work requires a finding of "disabled" at step five of the sequential analysis.  Kelley v.

Apfel, 185 F.3d 1211, 1215 n. 4 (11th Cir. 1999) ("We save for another day the question

of the relevance of part-time work at Step Five . . . ."); Smith v. Schweiker, 646 F.2d

1075, 1081(5th Cir. June 4, 1981)("This Court unequivocally held that a 'physical

limitation which prevents the claimant from working a full work day, minus a reasonable

time for lunch and breaks, constitutes a disability within the meaning of the Social

Security Act.'" (quoting Johnson v. Harris));Johnson v. Harris, 612 F.2d 993, 998 (5th

Cir. 1980)("It has been held that a physical limitation which prevents a claimant from

working a full work-day, minus a reasonable time for lunch and breaks, constitutes a

disability within the meaning of the Act.").[3]  Nonetheless, it is the Commissioner's

---

[3] In Bonner v. City of Prichard, 661 F. 2d 1206, 1209 (11th Cir. 1981), the Eleventh
Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to

position in this Circuit that only an ability to do full-time work will prevent a finding of

disabled at step five.  Kelly, 185 F.3d at 1214.  The Eleventh Circuit noted that this

position is based upon Social Security Ruling 96-8p:

> That ruling provides that the relevant concept at Step Five is the residual
> functional  capacity to perform work on a "regular and continuing basis."
> Social Security Ruling 96-8p. "A 'regular and continuing basis' means 8 hours
> a day for 5 days a week, or an equivalent work schedule."
>
> Kelley, 185 F.3d at 1214.

Therefore, if a plaintiff cannot perform his prior work, the burden is on the Commissioner

at step five to show that the plaintiff can sustain full-time work. If the Commissioner fails

to carry this burden, the plaintiff must be found disabled.  Carlisle v. Barnhart, 392 F.

Supp. 2d 1287, 1290 (D. Ala. 2005); see also Moody v. Barnhart, 295 F. Supp. 2d 1278,

1283 (D. Ala. 2003).

Accordingly, this Court will remand this case for the ALJ to reconsider all of the

evidence of record, including Dr. Sternberg's opinion, and specifically, to determine if

Plaintiff is capable of working on a regular and continuing basis.  If the ALJ fails to

accord Dr. Sternberg's, or any other treating physician's opinion less than controlling

weight, the ALJ should make sure to specify the requisite good cause for doing so.

2.    **Whether the ALJ's residual functional capacity complied with Social
      Security Ruling 96-8p.**

Social Security Rulings are agency rulings issued to clarify regulations and

policy, and are binding upon all components of the Social Security Administration.

Sullivan v. Zebley, 493 U.S. 521, 530  (1990).  The reviewing court should uphold a

_____

October 1, 1981.

Ruling unless it is "clearly erroneous or inconsistent with the law."  Pass v. Chater, 65

F.3d 1200, 1204 (4th Cir. 1995).

    In the instant case, Plaintiff argues that the ALJ erred by failing to follow SSR 96-

8p. Specifically, Plaintiff asserts the ALJ's RFC analysis did not contain a narrative

discussion describing how the evidence supported the conclusion leading to the

established RFC.   (Doc. 12, p. 15).

    Social Security Ruling ("SSR") 96-8p states:

> The RFC assessment must include a narrative discussion describing how
> the evidence supports each conclusion, citing specific medical facts (e.g.,
> laboratory findings) and non-medical evidence (e.g. daily activities,
> observations).  The RFC assessment must always consider and address
> medical source opinions.  If the RFC assessment conflicts with an opinion
> from a medical source, the adjudicator must explain why the opinion was
> not adopted.

    The Commissioner argues that although SSR 96-8p requires a "narrative

discussion" to determine a claimant's RFC, case law does not require the ALJ to

discuss those capacities for which no limitation is alleged.  (Doc. 13, p. 14), citing

Delgado v. Commissioner of Social Security, 2002 WL 343402 (6th Cir. 2002)).

Moreover, the Commissioner argues, on pages 21-25 of the ALJ's decision, the ALJ

discussed the medical and other evidence on disputed issues and explained the basis

for his determination of the Plaintiff's RFC.  (Doc. 13, p. 14).   The ALJ explained that

there was no evidence that existed on or prior to the Plaintiff's date last insured, which

suggested Plaintiff had limitations that would have precluded her from performing

activities described in the ALJ's RFC assessment.  Id.

    This Court is in agreement that on pages 21-25 of the ALJ's decision, the ALJ

discussed the medical and other evidence on disputed issues.  However, as the Plaintiff

correctly points out, the ALJ asserts to have relied on the opinion of Dr. Sternberg when discussing how the evidence supported his conclusion. (Tr. 25).  Because Dr. Sternberg's RFC assessment is actually contrary to the ALJ's decision, on remand the ALJ should, in accordance with SSR 96-8p, explain whether Dr. Sternberg's opinions should or should not be adopted, as well as explain any other medical findings he relies on in the determination of Plaintiff's RFC.

## IV.   CONCLUSION

For the reasons stated herein, the Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **REVERSING** the Commissioner's decision and **REMANDING** the matter to the ALJ with instructions to: (1) re-evaluate Dr. Sternberg's opinion, and if he gives Dr. Sternberg's opinion less than controlling weight, he should make sure to clearly articulate any reasons for doing so; (2) re-evaluate the Plaintiff's residual functional capacity with the guidelines set forth in SSR 96-8p; and (3) conduct any other proceeding deemed appropriate.

**DONE AND ORDERED** at Jacksonville, Florida, this  11th  day of March, 2008.

_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record